UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BAX, LUCIA PERSHE BAX, and MARY BIRMINGHAM,<br><br>Plaintiffs,<br><br>v.<br><br>DOCTORS MEDICAL CENTER OF MODESTO, INC. and TENET HEALTHCARE CORPORATION,<br><br>Defendants. | No. 1:17-cv-01348-DAD-SAB<br><br>ORDER ENTERING JUDGMENT IN FAVOR OF PLAINTIFF BIRMINGHAM AND AGAINST DEFENDANT<br><br>(Doc. No. 20) |

On November 12, 2018, the parties filed a notice of plaintiff Birmingham's acceptance of Rule 68 offer and request for entry of judgment. (Doc. No. 20.)

Under Federal Rule of Civil Procedure 68(a), a defendant may serve an offer to allow judgment on specified terms to the opposing party at least two weeks before trial. Fed. R. Civ. P. 68(a). The opposing party must accept the offer through written notice. *Id.* Thereafter, "either party may then file the offer and notice of acceptance, plus proof of service." *Id.*

Here, defendant Doctors Medical Center of Modesto, Inc. ("DMC") served plaintiff Birmingham with a Rule 68 offer of judgment on October 3, 2018. (Doc. No. 20 at 2.) On October 19, 2018, plaintiff Birmingham accepted the offer of judgment. (*Id.*) Accordingly, the court hereby enters judgment in favor of plaintiff Birmingham and against DMC according to the following terms:

1

1.      On October 6, 2017, plaintiff Birmingham filed a complaint against DMC alleging, among other things, that DMC had deficient policies, procedures and training amongst its staff to provide effective communication to Deaf patients and companions. In addition, plaintiff Birmingham alleged that DMC did not provide functional Video Remote Interpreting ("VRI") or qualified sign language interpreters to her during her admission to DMC. Plaintiff Birmingham additionally alleged that despite being aware of her deafness, DMC failed to take appropriate steps to ensure the provision of appropriate auxiliary aids or services to plaintiff Birmingham and, as a result, acted with deliberate indifference.

2.      Pursuant to Rule 57 of the Federal Rules of Civil Procedure, the court adjudges after reviewing the allegations in the complaint and DMC's admission thereof, as to plaintiff Birmingham, that defendant DMC failed provide plaintiff Birmingham with effective communication during her visit to DMC, and did not fulfill its obligations to plaintiff Birmingham pursuant to Title III of the Americans With Disabilities Act, Section 504 of the Rehabilitation Act, Section 1557 of the Affordable Care Act, the Unruh Civil Rights Act, and the California Disabled Persons Act.

3.      It is further adjudged that an injunction be issued requiring DMC to do the following:

    a.  Provide effective communication to plaintiff Birmingham and any other deaf patients for any future occasions when they seek treatment at DMC;

    b.  Implement written policies, procedures, and practices that seek to achieve effective communication with deaf and hard-of-hearing patients and companions, in compliance with applicable law;

    c.  Provide additional training to House Supervisors, ADA Coordinators, and appropriate caregivers employed at DMC concerning DMC's written policies, procedures, and practices regarding communication with deaf and hard-of-hearing patients and companions;

    d.  To the extent that DMC continues to use VRI equipment, DMC shall make best efforts to ensure that the VRI provides: (i) Real-time, full-motion video

and audio over a dedicated high-speed, wide-bandwidth video connection or wireless connection that delivers high-quality video images that do not produce lags, choppy, blurry, or grainy images, or irregular pauses in communication; (ii) A sharply delineated image that is large enough to display the interpreter's face, arms, hands, and fingers, and the participating individual's face, arms, hands, and fingers, regardless of his or her body position; (iii) A clear, audible transmission of voices; and (iv) Adequate training to users of the technology and other involved individuals so that they may quickly and efficiently set up and operate the VRI;

    e.    Maintain contracts with at least one sign language interpreting agency that operates within the geographic area where DMC is located to provide qualified, on-site American Sign Language ("ASL") interpreters in a timely manner and DMC will seek the services of such agencies to achieve effective communication with deaf and hard-of-hearing patients and companions; and

    f.    Invite plaintiff Birmingham to meet with one or more representatives of DMC, along with a qualified on-site ASL interpreter provided by DMC, to discuss: (i) communications issues she experienced at DMC; and (ii) how DMC can improve its communications with deaf and hard-of-hearing patients and companions.

4. It is further adjudged that judgment be entered against defendant DMC and in favor of plaintiff Birmingham in the amount of $30,000, which is inclusive of, without limitation, all of her alleged damages, costs, filing fees, attorneys' fees, expert fees, prejudgment interest, and any other monetary relief sought by plaintiff Birmingham in this action.

5. This resolves all claims of plaintiff Birmingham against all defendants in this action.

IT IS SO ORDERED.

Dated: **December 6, 2018**　　　　　　　　　　　　　　　　　　
UNITED STATES DISTRICT JUDGE

3

4